UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE GARAY,<br><br>                    Plaintiff,<br><br>   v.<br><br>NYC HEALTH & HOSPITALS CORPORATION<br><br>                    Defendant. | Civ. No. 1:21- cv-06244 (JMF) |

## AMENDED PROTECTIVE ORDER

   WHEREAS, on October 1, 2015, the Court issued the Second Amended Standing Administrative Order 11 Misc. 003 for the mediation of certain counseled employment cases;

   WHEREAS, the Order requires the parties to exchange certain documents and information within 30 days of the filing of an Answer;

   WHEREAS, on November 15, 2021, the parties exchanged their first set of documents requests;

   WHEREAS, the parties seek to ensure that the confidentiality of these documents and information remains protected; and

   WHEREAS, good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

   ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties pursuant to the Discovery Protocol, document requests, as well as any and all other productions made in this matter:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The parties agree that the following non-exhaustive list of information shall be deemed CONFIDENTIAL, and will be redacted in any public filing: any personal identifying numbers, medical records (including, but not limited to, information regarding treatment and diagnosis), employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall

make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

*Kimberly Kalmanson*
Kimberly Kalmanson
Kalmanson Law Office, PLLC
One Liberty Plaza
165 Broadway, 23rd Floor
New York, NY 10006
T: (646) 759-3655
E: kim@kalmansonlawoffice.com
*Attorney for Plaintiff*

Taylor A. Dean
Special Assistant Corporation
           Counsel of New York
31 West 52nd Street
New York, NY 10019
T: (212) 878-8175
E: taylor.dean@cliffordchance.com
*Attorney for Defendant*

The Court has reviewed the reasons offered in support of entry of this Amended Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Amended Protective Order in this action.

    IT IS SO ORDERED.

DATED:   January 6, 2022

                                            Hon. Jesse M. Furman
                                            United States District Judge

          This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

          The Clerk of Court is directed to terminate ECF No. 29.

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled_____have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to anyother person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)